# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRY MAY,**

        Plaintiff,

   -vs-                                      **Case No. 16-C-23**

**KHS USA, INC.,**

        Defendant.

## DECISION AND ORDER

The parties filed a stipulation and proposed protective order (ECF No. 14) for the Court's consideration. The Court may issue a protective order under Federal Rule of Civil Procedure 26(c)(1)(G), which is available "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The Court must have sufficient facts to make an independent finding of good cause. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order).

To satisfy the good cause showing, the parties must make a particular and specific demonstration of fact; conclusory statements are not sufficient.

*See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (1981) (quoting 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2035 (1970)). Additionally, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 946 (7th Cir. 1999).

Furthermore, a broad secrecy agreement that is fine at the discovery stage before the material enters the judicial record must be revisited when such material becomes part of the public record. *See Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984)). "[T]hose documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l*, 297 F.3d at 545. The party seeking to seal items has the burden of showing good cause. *See id.* at 547.

Consideration of the proposed protective order under the foregoing controlling case law establishes that it cannot be approved in its current form. The parties stipulate that they and potential non-party witnesses may possess "sensitive and confidential information" that may be disclosed in initial disclosures, responding to discovery and otherwise in this action, and it must be protected in order to preserve the parties' and non-parties' legitimate

personal, business and financial interests. Although paragraph 1(a) of the proposed order defines "confidential information," no definition is included for "sensitive information." Consequently, the parties have not described a "properly demarcated category of legitimately confidential information." *See* C*itizens First Nat'l,* 178 F.3d at 946. Moreover, the parties provide no facts indicating why the discovery materials in this action are likely to contain sensitive and confidential information.

Further problems are presented by paragraphs six and seven of the proposed order which provide:

> 6. If Confidential Information is contained in trial testimony, the portion of the transcript containing such material may be designated as containing Confidential Information and shall be treated in accordance with this Protective Order.

> 7. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

The sealing of materials filed with the Court or a part of a trial is subject to a separate and more demanding review for good cause. *See Baxter Int'l*, 297 F.3d at 545. *See also, Principle Solutions LLC v. Feed.Ing BV*, No. 13-C-233, 2015 WL 3936583, at \*1 (E.D. Wis. June 25, 2015); *Avina v. Bohlen,* No. 13-C-1433, 2015 WL 1756774, at \*5 (E.D. Wis. Apr. 16, 2015).

- 3 -

In addition, the proposed provisions do not reflect this District's Civil L.R. 26(e) and 26(f). The latter states, "[a] party seeking to file a paper under seal must follow the procedure set forth in General L.R. 79(d)." *See also,* Civil L.R. 26(f) Comm. Comment ¶ 3.

Based on the foregoing, the parties may file a revised proposed protective order and any additional materials they deem necessary to comply with the requirements outlined by this decision.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The parties' request for a protective order (ECF No. 14) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**